| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.**<br>Attorneys for Eclipse Sleep Products of New Jersey, LLC, Stuart Carlitz and Debbie Carlitz<br>101 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>(973-622-6200)<br>Samuel Feldman (SF-6704) | |
| In Re:<br><br>**THERAPEDIC SLEEP PRODUCTS, INC.,**<br><br>Debtor. | Case No. 09-24351<br><br>Judge: Raymond T. Lyons, Jr.<br><br>Chapter 11 Case<br><br>Hearing Date: September 21, 2009 |

### APPLICATION OF ECLIPSE SLEEP PRODUCTS OF NEW JERSEY, LLC, STUART CARLITZ AND DEBBIE CARLITZ IN SUPPORT OF THEIR MOTION FOR AN ORDER QUASHING IN PART THE SUBPOENAE ISSUED BY GERALD GERSHAW

Eclipse Sleep Products of New Jersey, LLC, Stuart Carlitz and Debbie Carlitz, by and through their attorneys, Orloff, Lowenbach, Stifelman & Siegel, P.A., in support of their Motion for an Order Quashing, in part, the Subpoenae issued to them by Gerald Gershaw ("Gershaw"), respectfully state as follows:

#### BACKGROUND

1. On June 3, 2009, the Debtor filed a Voluntary Petition pursuant to Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

410585    8/12/2009

2. Stuart Carlitz ("Stuart") is the sole owner, President and Chief Executive officer of the Debtor. He is also the sole owner of Eclipse Sleep Products of New Jersey, LLC ("Eclipse"). Eclipse sells product to the Debtor.

3. Debbie Carlitz ("Debbie") is Stuart's spouse. Debbie has no ownership interest in the Debtor or Eclipse and is not an officer or employee of either entity.

4. Since early 2005, the Debtor, Stuart and Gershaw have been engaged in lengthy litigation with Gershaw in the Superior Court of New Jersey the costs of which contributed to the Debtor filing a petition in this Court. (See Dkt. No. 9).

5. In late 2008, Gershaw commenced **another** lawsuit captioned *Gerald Gershaw v. Stuart Carlitz, Therapedic Sleep Products, Inc., et al.* pending in the Superior Court of New Jersey, Chancery Division, Middlesex County, Dkt. No. L-202-08 ("Gershaw II"). Stuart, Debbie, the Debtor and Eclipse are parties to Gershaw II. An Answer was filed, but no discovery has taken place in Gershaw II.

6. On or about July 20, 2009, Eclipse and Debbie were each served with a Subpoena for Rule 2004 Examination (the "Subpoena") issued on behalf of Gershaw commanding them to appear at the office of Gershaw's counsel in order to testify and produce documents. Copies are annexed to the accompanying declarations of Stuart Carlitz and Debbie Carlitz.

## RELIEF REQUESTED AND BASIS THEREOF

7. By this Motion, Eclipse and Debbie seek the entry of an order quashing the Subpoenae to the extent that they seek testimony and documents relating to transactions between them, and transactions between either of them and Eclipse.

8. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Rule 2004 also provides that "[t]he attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016." Fed. R. Bankr. P. 2004(c).

9. Rule 9016 adopts Federal Rule of Civil Procedure 45, which provides in pertinent part that "[o]n motion, the issuing court **must quash** or modify a subpoena that … subject to a person to undue burden. Fed. R. Civ. P. 45 (emphasis added). Moreover, while often referred to as allowing for "fishing expeditions," Rule 2004 examinations are not without limits, and "may not be used for the purposes of abuse or harassment." *See, e.g., In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999) (citing *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984); 9 Collier on Bankruptcy ¶2004.01 [1] (15th ed. 1996)).

10. The Subpoenae should be quashed because they seek information that is outside the scope of a Rule 2004 examination and also seek information relating to claims Gershaw has brought in Gershaw II.

11. A Rule 2004 examination is a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate. *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). *Accord in re Bennett Funding*

-3-

*Group, Inc.,* 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996) (quoting Rule 2004(b) that examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge").

12. However, a Rule 2004 subpoena can not be used to obtain information for use in state court proceedings. *Night Hawk Ltd. v. Briarpatch Ltd., L.P.* 2003 WL 23018833, 8 (S.D.N.Y.) (S.D.N.Y. 2003). *See also Nicolas v. Poughkeepsie Sav. Bank/FSH,* No. 90 Civ. 1607, 1991 WL 113279, at 2 (S.D.N.Y. June 14, 1991) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.") (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353 n. 17, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)); *see also Salvatore Studios Int'l,* 2001 WL 913945, at 1 (quashing a subpoena where the defendant "has failed to establish that the settlement agreement it seeks is in any way relevant to the claims or defenses raised in this action -- a different lawsuit against a different party").

13. Further, a Rule 2004 subpoena may not be used as a device to launch into an investigation of a non-debtor's private business affairs. *Matter of Wilcher,* 56 B.R. 428 (Bankr. N.D. Ill. 1985); *In re Continental Forge Co., Inc.,* 73 B.R. 1005 (Bankr. W.D. Pa. 1987).

14. Once a motion to quash a subpoena is filed, the subpoena's issuer must show good cause for the Rule 2004 examination. *In re Summit Global Logistics,* 2008 WL 1446722 (Bankr. D.N.J. April 9, 2008); *Eplus, Inc. v. Katz,* 318 B.R. 263, 268 (Bankr. S.D.N.Y. 2004).

15. Here, the relief requested is appropriate because a portion of the information sought by Gershaw in the Subpoenae has nothing to do with locating assets of the Debtor or with acts of the Debtor, its conduct, property, or with the administration of the estate. Rather, the Subpoenae are designed to investigate the private business affairs among and between Stuart and Debbie and Eclipse all of whom are non-debtors. Moreover, in view of the pendency of Gershaw II, it seems clear that the Subpoenae were issued to attempt to take discovery in Gershaw II. In short, the Subpoenae are designed simply to annoy and harass Eclipse, Stuart and Debbie and should be quashed.

## CONCLUSION

16. Based on the foregoing arguments and authorities, it is respectfully requested that the Court enter the accompanying order quashing the Gershaw's Subpoenae addressed to Eclipse and Debbie and grant them such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, P.A.
Attorneys for Eclipse Sleep Products of
New Jersey, LLC, Stuart Carlitz and
Debbie Carlitz

By: /s/Samuel Feldman
    SAMUEL FELDMAN

Dated: August 12, 2009